UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KEITH CLEVELAND,

    Plaintiff,

v.      CAUSE NO.: 3:19-CV-406-RLM-MGG

INDIANA STATE PRISON WARDEN,

    Defendant.

## OPINION AND ORDER

Keith Cleveland, a prisoner without a lawyer, filed this lawsuit alleging he is being denied timely breathing treatments for his asthma and seeking injunctive relief. Under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

The constitution doesn't specify how medical care must be delivered. *Cf.* Westefer v. Neal, 682 F.3d 679 (7th Cir. 2012). A prisoner "is not entitled to demand specific care [nor] entitled to the best care possible." Forbes v. Edgar, 112 F.3d 262, 267 (7th Cir. 1997). Nevertheless, prisoners are entitled to medical treatment consistent with the Eighth Amendment. Estelle v. Gamble, 429 U.S.

97, 104 (1976). Mr. Cleveland alleges he must wait weeks for breathing treatments for his asthma. He alleges he has lost consciousness because of delayed treatment and needed emergency medical care. Based on the allegations in the complaint, he may proceed on a claim for permanent injunctive relief.

The only defendant named in the complaint is the D.O.C. – Department of Correction. The address listed is the Indiana State Prison. Liberally construed, Mr. Cleveland has named the Indiana State Prison Warden in his official capacity as the defendant. "[T]he warden . . . is a proper defendant [for] injunctive relief [and is] responsible for ensuring that any injunctive relief is carried out." Gonzalez v. Feinerman, 663 F.3d 311, 315 (7th Cir. 2011). Therefore the clerk will be directed to edit the docket accordingly.

For these reasons, the court:

(1) GRANTS Keith Cleveland leave to proceed against the Indiana State Prison Warden in his official capacity to obtain permanent injunctive relief to receive treatment for his asthma as required by the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES D.O.C.;

(4) DIRECTS the clerk to add the Indiana State Prison Warden in his official capacity as a defendant;

(5) DIRECTS the clerk and the United States Marshals Service to issue and serve process on the Indiana State Prison Warden at the Indiana

Department of Correction with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(6) ORDERS pursuant to 42 U.S.C. § 1997e(g)(2), the Indiana State Prison Warden to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on May 28, 2019

s/ Robert L. Miller, Jr.  
JUDGE  
UNITED STATES DISTRICT COURT