UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KEITH CLEVELAND, | |
| Plaintiff, | |
| v. | CAUSE NO.: 3:19-CV-406-RLM-MGG |
| INDIANA STATE PRISON WARDEN, | |
| Defendant. | |

OPINION AND ORDER

Keith Cleveland, a prisoner without a lawyer, filed an amended complaint alleging that he is being denied timely breathing treatments for his asthma. (quotation marks and citations omitted). The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Mr. Cleveland alleges that he suffered from an asthma attack and that Officer Abdulla saw him struggling to breathe but took no action to assist him. When Officer Abdulla wouldn't help, inmates took Mr. Cleveland to the medical department. Mr. Cleveland alleges that he has lost consciousness because of delayed treatment and required emergency medical care. Mr. Cleveland further

alleges that he must wait days or even weeks for breathing treatments for his asthma.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. Estelle v. Gamble, 429 U.S. 97, 104 (1976). In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical need. *Id.* A medical need is "serious" if it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005). "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted). The constitution does not specify how medical care must be delivered. *Cf.* Westefer v. Neal, 682 F.3d 679 (7th Cir. 2012). A prisoner "is not entitled to demand specific care [nor] entitled to the best care possible." Forbes v. Edgar, 112 F.3d 262, 267 (7th Cir. 1997). Based on the allegations in the complaint, Mr. Cleveland may proceed against Officer Abdulla in his individual capacity for being deliberately indifferent to his need for emergency medical treatment for his asthma, in violation of the Eighth Amendment. Mr. Cleveland may also proceed against the Warden of Indiana State Prison in his official capacity for injunctive relief to receive treatment for

his asthma that complies with the Eighth Amendment. Gonzalez v. Feinerman, 663 F.3d 311, 315 (7th Cir. 2011) ("[T]he warden . . . is a proper defendant [for] injunctive relief [and is] responsible for ensuring that any injunctive relief is carried out.").

Mr. Cleveland has also sued Wexford Medical, the private company which provides medical care at the prison. Mr. Cleveland attempts to hold the company liable because he is unhappy with the care provided by the medical staff it employs. In some cases, an employer can be liable for the actions of employees, but there is no such general *respondeat superior* liability under 42 U.S.C. § 1983. Chavez v. Illinois State Police, 251 F.3d 612, 651 (7th Cir. 2001); *see also* Johnson v. Dossey, 515 F.3d 778, 782 (7th Cir. 2008) ("[A] private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights."). Because Mr. Cleveland's complaint against Wexford appears to be based only on Wexford's medical staff's poor decisions in connection with his care, he has not stated a claim against Wexford.

For these reasons, the court:

(1) LIFTS the stay (ECF 10);

(2) GRANTS Keith Cleveland leave to proceed against Officer Abdulla in his individual capacity for monetary damages for being deliberately indifferent to his need for emergency medical treatment for his asthma, in violation of the Eighth Amendment;

(3) GRANTS Keith Cleveland leave to proceed against the Indiana State Prison Warden in his official capacity to obtain permanent injunctive relief to receive treatment for his asthma as required by the Eighth Amendment;

(4) DISMISSES all other claims;

(4) DISMISSES Wexford Medical;

(5) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Officer Abdulla at the Indiana Department of Correction with a copy of this order and the amended complaint (ECF 18) as required by 28 U.S.C. § 1915(d); and

(7) ORDERS pursuant to 42 U.S.C. § 1997e(g)(2), the Indiana State Prison Warden and Officer Abdulla to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on September 25, 2019

s/ Robert L. Miller, Jr.  
JUDGE  
UNITED STATES DISTRICT COURT