UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KEITH CLEVELAND, | ) |
|     Plaintiff, | ) |
|     v. | ) CAUSE NO.: 3:19-CV-406-RLM-MGG |
| INDIANA STATE PRISON WARDEN | ) |
| and OFFICER ABDULLAH, | ) |
|     Defendants. | ) |

OPINION AND ORDER

Keith Cleveland is an inmate at the Indiana State Prison with seven cases pending in this court. In this case, he contends that Officer Bilal Abdullah watched him suffer an asthma attack on August 27 (the court assumes the year was 2018 because his amended complaint was filed on August 21, 2019) and didn't help as Mr. Cleveland struggled for his life. Mr. Cleveland also alleges that he gets little to no treatment for his asthma at the prison.

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), requires that a prisoner exhaust administrative remedies provided by the prison before filing suit in federal court. a plaintiff didn't exhaust administrative remedies by filing a grievance and any necessary appeal that might be required by the prison's administrative rules, the court must dismiss the case, Pozo v. McCaughtry, 286 F.3d 1022, 1024, 1025 (7th Cir. 2002), as long as the administrative process was

actually available to the prisoner-plaintiff. Woodford v. Ngo, 548 U.S. 81, 102 (2006); Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006).

Defendants Abullah and Warden Ron Neal (sued to make the prison provide asthma treatment) have moved for summary judgment on the grounds that Mr. Cleveland didn't exhaust his administrative remedies. In support of their motion, the defendants submitted the Indiana Department of Correction's administrative rules concerning remedies through grievances, some documentary records, and the affidavit of Joshua Wallen, the Grievance Specialist at the state prison. Mr. Wallen testified in his affidavit that on September 27, 2019, Mr. Cleveland filed a grievance against Officer Abdullah for passively watching Mr. Cleveland's asthma attack. Someone – Mr. Wallen's affidavit doesn't say who – rejected the grievance as untimely because it first appeared more than a year after the incident. Mr. Wallen also testified that Mr. Cleveland has never filed a grievance with respect to Warden Neal about his asthma treatment.

The defendants told Mr. Cleveland of the importance of responding to the motion, and Mr. Cleveland responded, though not in any of the ways recognized by Federal Rule of Civil Procedure 56. First, he submitted an unsigned letter explaining that he couldn't file a timely grievance because he was hospitalized for the eleven days after the incident. Still, the letter said, Mr. Cleveland had copies of all his grievances. Three days later, Mr. Cleveland submitted another unsigned letter accompanied by what purports to be a request for interview in

which Mr. Cleveland says Officer Abdullah didn't help him during a severe asthma attack. The form doesn't give the date of the asthma attack, but carries a date of April 21, 2019. Written in another hand is the notation, "We are still looking into the matter." Mr. Cleveland had earlier filed his own summary judgment motion that consisted only of a two-page unsigned recitation of the events surrounding the asthma attack; the court already had denied that motion.

In their reply, the defendants identified the rules that Mr. Cleveland's response didn't comply with. Mr. Cleveland filed what he deemed a "sur-reply" that consisted of one page, again unsigned, and again claiming that Mr. Cleveland had lots of copies of grievances.

Failure to exhaust administrative remedies is an affirmative defense that the defendants must prove by a preponderance of the evidence. King v. McCarty, 781 F.3d 889, 893 (7th Cir. 2015). When a party seeks "summary judgment on a claim as to which it bears the burden of proof, it must lay out the elements of the claim, cite the facts which it believes satisfies these elements, and demonstrate why the record is so one-sided as to rule out the prospect of a finding in favor of the non-movant on the claim." Hotel 71 Mezz Lender LLC v. National Retirement Fund, 778 F.3d 593, 601 (7th Cir. 2015).

The defendants have done that. On this record, it's undisputed that Mr. Cleveland filed no more than one grievance that specified this incident by date. That grievance, filed on September 27, 2019, was too late for this suit, which was filed on May 24, 2019, four months before the grievance was filed. If the

grievance didn't come before the suit, the suit must be dismissed. Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 535 (7th Cir. 1999).

In response to the defendants' sworn submission, Mr. Cleveland submitted three unsworn documents and an unauthenticated request for interview. The courts construe complaints filed by people without lawyers liberally lest the door to the courthouse be closed to those who don't know what words or terms might be important in drafting a complaint. But the lack of a lawyer doesn't conjure a different set of rules for the rest of the case. All litigants, even those without lawyers, must follow procedural rules. McCurry v. Kenco Logistics Svcs., LLC, 942 F.3d 783, 787 (7th Cir. 2019). And even if the unauthenticated request for interview were considered, it is dated eight months after the asthma attack giving rise to this suit, so it would have been filed too late to satisfy Mr. Cleveland's obligation to exhaust his administrative remedies, too.

The court GRANTS the defendants' summary judgment motion (doc. #41). The clerk shall enter judgment for the defendants and against the plaintiff.

SO ORDERED on April 17, 2020.

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT
